We will hear argument next in Leslie v. Cap Gemini. Good morning, Your Honors. May it please the Court, my name is Jerry Silver of Winston & Strawn, Attorneys for Defendant Appellant Cap Gemini Ernst & Young, U.S. LLC, which I'll refer to as Cap Gemini in this appeal. Is it still possible to reserve a minute or two? Certainly. Just watch your time. The clock is in front of you. We respectfully submit that the Court below made a serious, far-reaching legal error when it extended a labor statute, Revised Code of Washington Statute 49.48.030, beyond an employee protection context to any breach of contract action between any commercial parties in pretty much any context whatsoever. Section 49.48.030, which I'll refer to for simplicity as the statute, can be found at page 11 of Cap Gemini's brief, among other places, and it provides for one successful in an action for wages or salary owed, quote, unquote, to be able to recover attorney's fees against, quote, an employer or former employer. Based on the plain words used, which is what we're supposed to look to, the statute only allows one to recover attorney's fees against an employer and only if the employee shows that it recovered wages or salary. Well, the Washington courts have sensibly said that commissions are encompassed within wages and salary, that any form of financial compensation. So isn't the crux of your argument that if you're not a true employee but rather an independent contracting party, the statute doesn't apply? Is that not the basic thrust of it? Yeah. The basic thrust of our argument is if you're a contracting party, the statute doesn't apply. If you're not an employee, the statute doesn't apply. And those cases that you're referring to are all cases where the person was found to be an employee. All right. Well, that's why I say that's the crucial thing. If someone is clearly an employee, they work at Walmart or something every day, and they're paid something called a bonus or something called a commission, it still counts as wages or salary under Washington law, correct? Of course. I can't agree with that more. But here our point is that this case is a bit unique because on summary judgment, the Court specifically found that Capgemini was not the employer of Leslie and dismissed Leslie's claims for attorney's fees based on very similar employment-related attorney's fees statutes. And the jury's verdict refers to an enforceable contract but not to employment. Exactly. It specifically stated what the relationship was. It wasn't a mystery about whether it was an employer or not an employer. If it was, I probably wouldn't be here. But since it was so clear and the jury verdict only decided that there was a contractual relationship and there was an amount of commissions owed, that's what takes us out of the enforcement of that contract. Do you think that Washington law is completely clear on this point, or is this something that is murky enough that the Washington Supreme Court should be given an opportunity to weigh in on it? Well, yeah. I actually think it's pretty clear if you just don't complicate things too much and you just look at the plain language of the statute. Because, you know, what Washington law says is the words mean what they say. It says employer. I don't know what else that could mean. It says wages or salary owed. I don't know what else that could mean. Yes, I do think that's clear. But certainly my fallback here, to be honest, was to suggest just that. If in the event that the judges didn't think it was clear and wanted to refer that, I would much rather them go to that route than perhaps the other alternative. But I do think it's clear. There are five cases that specifically state that this applies to only an employer situation. In fact, one of the cases, the Kennewick case, says, quote, the statute does not authorize an assessment of attorney's fees against a party who is not an employer. And that's a direct quote. And then there's other cases that specifically look at whether the person is an independent contractor or an employee. And although in those cases they find that the person might have been an employee, the fact that you undergo the analysis at all shows that it's relevant as to whether the person's an employee or just a contracting party. The only thing that, to me, the only thing that even conceivably muffs this up at all is the Wise decision, which, of course, the judge cites and which is relied on heavily by Leslie here. So I want to make sure I address that. And that case is different, factually different, for two reasons. First of all, in that case there was no finding that the judge, in that case it was a judge seeking salary from the town. There was no finding that the judge was not an employee. There was no finding that the judge was necessarily an independent contractor or not an independent contractor. In that case, the judge's contract said that she was an independent contractor. But as I'm sure the judges know, that's not determinative. That's just a factor in 10 to 15 factors of determining whether someone's an employee or an independent contractor or not. So for all we know, the judge may have been an employee in this case. Here we know that Leslie was not an employee. Also, in that case it was actually proven that the judge was successful in recovering an action for salary. What she was seeking was regular periodic payments, predetermined periodic payments on a contract. And even the town that awarded her the payments called it salary. So there you have somebody who actually recovered wages or salary owed as defined under Washington law. Washington law, in the Bates case I cite, Washington law defines wages as money recovered by underemployment. And here we respectfully assume that's not wages because there was no employment. And also salary is predetermined monthly payments. Here we have no predetermined monthly payments. It's just commissions based on a contract. So we believe that it's factually distinct on that basis. And then also just legally we think it might miss the mark for whatever reason. Perhaps the other cases weren't brought to that court's attention, the other five cases that we cite in our brief. It also ignores the employer-employer language. So we think that the other five cases are more appropriately followed, both because they're more factually on point or really more because WISE is more factually distinct because of the two reasons I just listed. And also because it really gives effect to the clear language of the statute. You know, a plain reading of, as I started, a plain reading of the statute cannot make it more clear that the statute applies to employers who fail to pay their employees salary and wages. It's intended, obviously, to encourage employers to pay salary to employees that need their money to survive. But here, Leslie was an employee of another company, Capgemini America, which I refer to as CGA, who paid him salary and paid him what he needed and paid him the commissions in full. What's your response to the borrowed sermon rule argument? Well, first of all, I'm not quite sure exactly what that means. But in any event, what's clear is that he wasn't an employee. And the court was clear on that, that there was just a contractual relationship. And what I refer to is the jury verdict. The only issue presented to the jury, the issue about whether he was an employee or not was already decided. The only issue was, was there a contract, was it enforceable? And really the key is not whether he was a borrowed servant or an independent contractor. Nobody needs to make that determination. The key is that he was not an employee, Capgemini was not his employer, and they were found to have a contractual relationship. And that's really all that matters for making the determination under this statute. Thank you. You have some reserve time. And you dropped some pages behind the. Counsel, you may proceed. May it please the Court. I'm Peter Fels. I'm the attorney for Mr. Leslie. Starting with the standard of review in this case, the question is whether the trial court made a clear error on its factual determinations. We disagree with Capgemini because the trial court. What's the factual determination? Isn't there a determination as a matter of law that this is not an employer? Well, no. But let me talk about the factual determination, because in deciding the attorney fee question, the trial court referred to and said that Mr. Leslie made employment arrangements with two closely related subsidiaries. That's in the judge's May 17th order at page 5, which is page 65 of the excerpts of record. So the court did decide after trial that there were employment arrangements. And, in fact, it's absurd. Is that a determination which is compelling with respect to the statutory requirement? The statute does not specifically have to be interpreted the way that Capgemini argues. The Washington courts have repeatedly said this is a remedial statute. It's to be broadly construed. The terms employer and employee or former employer, as used in the statute, refer to said employer or former employer, but there's no antecedent in the statutory definition. So it's unclear. It is an ambiguous use of those terms. In what way is it ambiguous? What's ambiguous about the term employer or former employer? It only uses it in a almost as an adjective. It says shall be paid by said employer or employee or former employer. I'm sorry. But there is no previous reference to an employer or former employer in the statute. So the actual language says, let me read it to you, in any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney fees in an amount to be determined by the court shall be assessed against said employer or former employer. Well, there is no antecedent reference to employer or former employer, which indicates rather that the legislature was using this as kind of a shorthand or an example. What they're really concerned about is a person who is recovering wages or salary in an action. And as Judge Graber correctly pointed out, commissions have been defined in the Dattell case as wages or salary. Which still begs the question of why this statute isn't limited to those who are employers or former employers, period. The fact is that Mr. Leslie was an employee in this situation. He was an employee of CGA. Capgemini was a wholly owned subsidiary of CGA. And at trial it was shown that arrangements were made between the two companies where Mr. Leslie would seek sales for Capgemini and receive commissions from Capgemini. But he was not paid a base salary because he was already receiving a base salary from the parent company, CGA. Well, it's more than that he wasn't receiving a salary. The court held that as a matter of law, plaintiff cannot establish that he was a Capgemini employee. That was the partial summary judgment. Yes. And first of all, that was on a different statute. And it was before trial. That's not a statute-limited holding. And a person is an employee or not of another. Well, the court has the ability to change its decision after hearing all of the facts at trial. The court ruled the law of the case does not apply to the trial court. It can decide after hearing the issues at trial, the facts established at trial, that it was wrong before. And that's why the judge referred to employment arrangements in his post-trial order. In addition, that decision was based on pretty much on the issue that Mr. Leslie had not filled out paperwork as an employee. Well, he hadn't filled out any paperwork for a commercial situation either. There was no purchase order. There was no contract. Capgemini did not ask him for IRS forms so that they could provide a 1099 at the end of the payment. And he didn't get a 1099. So there is no real evidence in the case that Mr. Leslie had a commercial relationship with Capgemini. As the judge indicated, he was really a borrowed servant. But he was working for two very closely related companies. He was not an independent contractor, as Capgemini would have you find, because he had no independence. He was bound by what his bosses wanted him to do, both Roger Linnell for CGA and Mike Alkire for Capgemini. If the district court had bought into what you're saying, wouldn't we expect somewhat more in the way of findings? I mean, in the face, you're right that a judge can say, well, maybe the summary judgment I know better now after trial, but wouldn't we have to have some much clearer findings than what we have here? Certainly the jury's verdict does not bear interpretation that there's an employment relationship. The jury was not asked to determine whether Mr. Leslie was an employee or not. All they said was they're a contract. And I want to remind the panel that employees have contracts just as do commercial entities. They can. They don't always. An employment relationship is a contractual relationship. There is an exchange of work for pay. That is a contract. So saying that there was a contract doesn't indicate whether there was an employment relationship or a commercial relationship. If you try to analyze whether there was a commercial relationship, there simply wasn't one in the Faxody's case. Now, I don't know why Judge Haggerty didn't make more specific findings. It would have been nice. But the evidence in the case clearly supports the employment arrangements reference that Judge Haggerty made. Counsel, to what extent does your argument depend on this borrowed servant rule approach? The reason I ask the question is I'm quite familiar with that term in a tort context, but I don't think I've ever seen it in a contract or employment context. Well, the fact is that unlike the parade of horribles that Capgemini would like you to believe, this is a very unusual situation. It is a situation where there was a borrowed employee who was promised to be paid commissions by a wholly owned subsidiary of his employer. And he sued for those commissions and recovered them. The emphasis, I think, that the court has to look at is that Washington courts have repeatedly viewed this as a remedial statute that needs to have broad construction. What do you make of the Kennewick statement, flat out, that the statute does not authorize assessment of attorney fees against a party who's not an employer and for that reason the fees were denied in that case? Well, I think you have to look at the Wise decision, which is held that the judge in that case, Ms. Wise, was an independent contractor. And while the Capgemini argues that you should ignore Wise or overrule it, in Reinen v. Sears Roebuck, which is a case decided about three days before they filed their initial brief in this case, this court held that you have to follow the rulings of intermediate state courts. Including the Kennewick holding that I just read to you, which is a flat statement of what the law is in Washington. I think that, first of all, the Supreme Court, Washington Supreme Court cases are paramount in that they talk about the remedial nature and you shouldn't look at restrictive wording of the statute. None of those cases has really looked at this specific problem. That's correct. And so if you look at this particular fact situation, it was much more like an employment situation than a commercial situation. And for that reason, the Washington courts would say the purpose of this statute was to prevent employees who have to sue to recover their wages from losing part of that by having to pay the cost of litigation. It's a cost-shifting statute. That's what the Washington courts would look at in this situation. And for that reason, you should affirm the trial court's ruling. Thank you, counsel. Thank you. Mr. Silber, you have some reserved time. Okay, a few points. First, the citation to the judge's ruling on ER 64 of the record saying that defendants constituted parts of a corporate structure that was complex and confusing, that's being taken out of context. That language related to the amount of attorneys he sought. Capgemini argued that since CGA prevailed, CGA was found not to be liable, that Leslie shouldn't recover attorney's fees relating to its attempts to pursue claims against CGA because those claims weren't successful. So that analysis at 64 and 65 isn't a revisitation at all of the judge's summary judgment. I think counsel was referring to a statement that there was an employment relationship with these two companies. Is there such a finding in the context of fees? In talking about the amount of fees, the judge deducted 46 hours from the determination of the amount of the fees on the grounds that some of the fees were expended pursuing the CGA claims. Okay? But if you look, it becomes obvious when you look at 64 and 65 that that only relates to the amount of the fees. And they were saying, like, look, we can't tell what fees were expended pursuing CGA and what fees were expended pursuing Capgemini. It's so hard to break it apart. Let me be sure I understand your position. In your view, the district court did not make any factual finding that there was an employment relationship with this defendant. Right. That's correct. To the contrary, not only the verdict, but the judge's ruling itself at page 56 and 57 cites and quotes what the jury found, which was that there was a contractual relationship. Okay? And this never even came up because it was decided. I wanted to also just direct the panel quickly to the pretrial order, which is at ER 48, and what plaintiff contends going into the trial, which shows that this was not even an issue. Plaintiff contends that defendant was granted partial summary judgment, that plaintiff was not an employee of Capgemini, Ernst & Young, US LLC, and therefore not entitled to recover a statutory penalty from Capgemini. So that was not even an issue at the trial. That was done. And the only question was whether there was a contract or not. Just two other quick points. You know, I want to point out that none of this was ever a complaint. Counsel, you're running out of time. Very quick. Yes. In terms of that the statute should be liberally construed, it's only supposed to be liberally construed in favor of the employee. It doesn't mean it's supposed to be construed in favor of anybody, and it doesn't obviate the words of the statute. And also just the last point on the no antecedent reference to an employer. This is in the labor section of the chapter that's entitled Labor Regulations in Chapter 4948 of Title 49. It's titled Wages, Payment, Collection. So this is in a series of statutes relating to the employer-employee relationship. Thank you, counsel. Thank you very much. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Bybee